UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUDREY COURTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01109-TAB-SEB |
| | ) | |
| HOOK-SUPERX, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**I.   Introduction**

Plaintiff Audrey Courter seeks leave to amend her complaint against Defendant Hook-SupeRx, LLC in two ways. First, Plaintiff seeks to correct Defendant's legal name. However, as Defendant points out in response, this correction already has been made [Filing No. 20, at ECF p. 5], so this portion of Plaintiff's motion is moot.[1] The more significant amendment Plaintiff seeks is to add two new entities as Defendants—American Structurepoint, Inc. and American Consulting, Inc. d/b/a American Structurepoint.[2] Defendant opposes this amendment on the ground that it is futile based upon the statute of repose and would destroy this Court's diversity jurisdiction. However, as explained in more detailed below, the Court cannot say at this stage that the proposed amendment is futile. Plaintiff asks for an opportunity to conduct discovery on

---

[1] Plaintiff's reply brief does not contest Defendant's assertion that this correction has been made and that Defendant is now properly named, so the Court does not address this issue in its discussion.

[2] Defendant notes that American Structurepoint does business or previously did business as American Consulting, Inc., and that these entities are one and the same. [Filing No. 20, at ECF p. 2.]

this issue, and fairness dictates that the Court permit discovery. As a result, Plaintiff's motion for leave to amend [Filing No. 19] is granted, American Structurepoint and American Consulting are added as Defendants, and this case is remanded to the Marion Superior Court based on a lack of diversity jurisdiction.[3]

**II.    Discussion**

Plaintiff filed her complaint on March 31, 2020, in Marion Superior Court. [Filing No. 1-1.] Plaintiff alleges that she was injured in a January 3, 2020, fall at a CVS Pharmacy in Carmel, Indiana, due to Defendant's negligence. [Filing No. 1-1 at ECF p. 2.] Plaintiff asserts that Defendant was negligent "in the design, operation, and maintenance of the premises[.]" [Filing No. 1-1, at ECF p. 2.] On April 8, 2020, Defendant filed a motion for automatic enlargement of time to file responsive pleading and correct its legal name to Hook-SupeRx, LLC d/b/a CVS Pharmacy. [Filing No. 19, at ECF p. 1.] Defendant removed the case to this Court on April 10, 2020. On June 23, 2020, Plaintiff filed her motion for leave to file an amended complaint, seeking to correct Defendant's legal name and to add American Structurepoint and American Consulting as additional Defendants. [Filing No. 19.]

As Plaintiff argues in her reply brief, the reason she seeks to add American Structurepoint and American Consulting as Defendants is because Defendant's answer named them as potentially culpable non-parties. [Filing No. 23, at ECF p. 1; Filing No. 14, at ECF p. 4.] This procedural reality precludes any suggestion by Defendant that Plaintiff seeks to add these new Defendants fraudulently in an effort to destroy diversity jurisdiction and return this matter to Plaintiff's chosen forum of state court. In this respect, the Court does not question that the

---

[3] The fact that additional entities need to be added as Defendants does not impact the existing parties' consent to the magistrate judge. These new entities are not parties until the proposed amendment occurs, and they have not yet been served with process.

proposed amendment is made in good faith.  Nor can Defendant reasonably argue that the amendment would cause it prejudice (except for having to return to the court from which Defendant removed this case) given that the amendment is sought early in the case.

Turning to the issue of futility, Defendant argues that Plaintiff cannot assert claims against American Structurepoint and American Consulting.  Plaintiff filed this action on March 31, 2020.  Defendant notes that Indiana's statute of repose provides that an action alleging deficiency in the design, planning, supervision, construction, or observation of construction of an improvement to real property must be brought within 10 years "after the date of substantial completion of the improvement" or 12 years after completion of drawings if related to an alleged design deficiency.  [Filing No. 20, at ECF p. 4]; Ind. Code § 32-30-1.  Defendant then argues that based upon "publicly available records" Plaintiff's claims against the designer, architect, and/or planner of the CVS store in question must have been commenced by March 14, 2019—more than a year before Plaintiff filed suit.  [Filing No. 20, at ECF p. 1.]

Defendant's argument is a roadblock Plaintiff must try and circumvent.  However, Plaintiff has advanced multiple arguments that offer her a possibility of doing so.  Plaintiff gives several examples of how she could still have a valid claim, a few of which are noted below.  For example, Plaintiff notes that American Structurepoint or American Consulting could have performed work subsequent to the initial plan, the plan could have been revised at a later date, or the plan could have been dated prior to finishing the design.  [Filing No. 23, at ECF p. 5.] Plaintiff also points out that the documentation submitted by Defendant does not show when the plan was submitted to CVS for purposes of calculating the applicable statute of limitations. Additionally, Plaintiff notes that the certificate of occupancy relates to the structure being fit for

occupancy but does not provide when the parking lot was completed or available for public use. [*Id.*]

Plaintiffs' arguments, at a minimum, warrant discovery. As Plaintiff puts it, "Plaintiff's claims should not be barred based upon the limited and hand-picked information Defendant CVS submitted to this Court." [*Id.*] The amendment must be allowed, and as a result this case must be remanded to state court.

### III. Conclusion

As explained above, nothing suggests that Plaintiff's motion to amend was brought in bad faith, or that granting the motion would unduly prejudice Defendant. The amendment will, however, result in the addition of two entities that will destroy this Court's diversity jurisdiction and require remand to state court. Accordingly, Plaintiff's motion for leave to file amended complaint [Filing No. 19] is granted. The proposed amended complaint is deemed filed as of June 23, 2020, when Plaintiff filed the motion for leave. As a result, this action is remanded to the Marion Superior Court. The Clerk is directed to mail a certified copy of this order to the clerk of the state court as required by 28 U.S.C. § 1447(c). Each party shall be responsible for their own costs, actual expenses, and attorney fees incurred as the result of this removal.

Date: 9/18/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email